Dear Mr. Lancaster:
You have requested an opinion of this office concerning a proposal by the Madison Parish School Board to place one of its sixteen section lands in the Wetlands Reserve Program. You advise that this is a program by which an owner grants a perpetual easement in favor of the United States, and agrees to remove the land from crop production. The property continues to be owned by the grantor of the easement; and can be used for hunting, fishing and other uses consistent with the purposes of the program. The Madison Parish School Board is ready to execute this contract, but a title examiner has raised the following questions:
(1) Since a small portion of Township 15 North, Range 12 East, is located in Tensas Parish, does the Tensas Parish School Board participate in the easement proceeds? If so, does the Tensas Parish School Board have to join in the execution of the easement document?
(2) Is there precedent or authority for a contract in perpetuity?
(3) Does the State of Louisiana have to participate or join in the execution, or is only the school board involved?
An examination of the records of the State Land Office does in fact reveal that Township 15 North, Range 12 East, is located 97.12% in Madison Parish and 2.88% in Tensas Parish. La. R.S.41:640(B), formerly Article 12, § 18 of the 1921 Constitution, generally governs the distribution of proceeds received from sales, leases and contracts of sixteen section lands where a portion of a township containing a sixteen section extends into two or more parishes. Under these circumstances, the revenues are shared by the school boards in proportion to the percentage of the township lying in each parish. However, Act 328 of 1976 added Subsection (C) of Section 640 of Title 41 to authorize parish school boards "to lease, contract, or both, with any other governmental agency or department for the use of sixteen section lands within the boundaries oftheir respective parishes." The proceeds from these particular transactions are shared by the school boards in proportion to the percentage of the sixteen sectionlands lying in each parish. Thus, where all of the sixteen section is located in only one parish, the proceeds from a contract with another governmental agency or department would not be shared with any other school board even though the township may extend into another parish. Since La. R.S. 41:640(C) would authorize the Madison Parish School Board to contract with another governmental agency or department for use of sixteen section lands within its parish boundaries, then the Tensas Parish School Board would neither share in the easement proceeds nor join in the execution of the easement document.
As to the second question raised by the title examiner, it is the opinion of this office that this particular easement would qualify as a conservation servitude; and thus could be unlimited in duration. La. R.S. 9:1273(C).
Finally, an examination of the records in the State Land Office reveals that the title to the sixteen section contained in Township 15 North, Range 12 E, is still vested in the State of Louisiana. However, the State Land Office does not participate in any transaction involving sixteen section lands unless it involves the sale of such lands. See: La. R.S. 41:631,714. The Warranty Easement Deed submitted with your opinion request reflects that record title to this particular sixteen section is not being transferred or conveyed to the United States. Thus, it is the opinion of this office that the State of Louisiana does not have to join in the execution of this easement document.
If you have any further questions concerning this request or if it does not adequately addressed the matters that have been raised, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp